# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4334 | **DATE** | 7/1/2013 |
| **CASE TITLE** | Robert Gacho (#N-44112) vs. Richard Harrington | | |

**DOCKET ENTRY TEXT:**

The respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. At this time, the State need only file a limited response addressing Ground A (i.e., whether inordinate delays in state post-conviction proceedings permit the petitioner to bypass the state exhaustion process). The petitioner's motion for attorney representation [#4] is denied as premature.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Robert Gacho, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges, on numerous grounds, his 1984 conviction for murder. The U.S. District Court of the Southern District of Illinois has transferred the case to this court because the petitioner was convicted in Cook County. The petitioner has paid the statutory filing fee.

The court notes that two prior federal habeas applications were dismissed pending exhaustion of state court remedies. *See Gacho v. Page*, Case No. 97 C 2999 (N.D. Ill.), dismissed by agreement on August 5, 2008 (Gettleman, J.); *Gacho v. Cowan*, Case No. 99 C 8025 (N.D. Ill.), dismissed on November 14, 2001 (Gettleman, J.). The instant petition is not successive because the previous habeas actions were dismissed on exhaustion grounds, without any ruling on their substantive merits.

The petitioner concedes that he still has not exhausted state court remedies with respect to the claims raised in his federal habeas petition; however, he contends that inordinate delays in state post-conviction proceedings justify his bypassing the state exhaustion process.

The State must respond to the petitioner's claim of inordinate delay. " 'Inordinate, unjustified delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief.' " *Hawkins v. Montgomery*, No. 10 C 0384, 2010 WL 3947525, at *4 (N.D. Ill. Oct. 7, 2010) (quoting *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997)). In the case at bar, **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

the petitioner represents that his state post-conviction petition has been pending for twenty-two years, ever since his death sentence was commuted to a life sentence. The respondent is directed to brief Ground A of the petition within thirty days of the date of this order. The State need not address the petitioner's myriad other claims at this time; the court will first consider, as a preliminary matter, whether the petition should be entertained without requiring complete exhaustion of state court remedies.

     The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

     Finally, the petitioner's motion for attorney representation is denied at this time as premature. Counsel must be recruited in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require attorney assistance in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition. In the interim, the petitioner may wish to contact counsel in Case No. 97 C 2999 (Richard M. Hoffman / Cohen, Salk & Huvard, P.C. / 630 Dundee Road, Suite 120 / Northbrook, Illinois 60062 / (847) 480-8925 and Robert C. Deegan (Reed Smith, LLP / 10 South Wacker Drive, 40th Floor / Chicago, Illinois 60606 / (312) 207-6400) to ascertain whether they may be willing to represent the petitioner in this re-filed case.