IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GACHO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 4334 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| RICHARD HARRINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Robert Gacho has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which respondent has moved to dismiss as unexhausted. For the following reasons, the court grants respondent's motion to dismiss the habeas petition without prejudice.

## BACKGROUND

On October 4, 1984, following a jury trial in the Circuit Court of Cook County, petitioner was convicted on two counts of murder, two counts of aggravated kidnaping, and two counts of armed robbery, for which he was sentenced to life imprisonment.[1] Petitioner filed a postconviction petition in the Circuit Court of Cook County on February 15, 1991, and filed an amended postconviction petition on November 20, 1997.

On April 24, 1997, petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 6, 1999, petitioner filed a second § 2254 petition, which the court consolidated with the first petition. In both filings, petitioner requested that the court

---

[1]The jury initially found that petitioner should receive the death penalty, but on direct appeal, the Supreme Court of Illinois vacated the death sentence and remanded for a new sentencing hearing. See People v. Gacho, 122 Ill.2d 221, 522 N.E.2d 1146 (1988). Petitioner was resentenced to life imprisonment.

excuse his failure to exhaust state court remedies because there was inordinate and unjustifiable delay in the state court proceedings.

In 2001, this court granted the state's motion to dismiss petitioner's consolidated habeas petitions, noting that many of the continuances in petitioner's state court case were attributable to defense counsel. The court dismissed the petitions with leave to reinstate following the conclusion of petitioner's state postconviction proceedings.

Petitioner moved to reinstate his § 2254 petition on October 1, 2007, again citing inordinate delay. On December 12, 2007, petitioner's motion to reinstate his § 2254 petition was withdrawn, and the court subsequently granted petitioner leave to file an amended petition for reinstatement. Following a June 4, 2008, status hearing on the progress of petitioner's state court postconviction proceedings, the court dismissed the motion for reinstatement by agreement and without prejudice, with leave to reinstate on or before August 5, 2009. No motion for reinstatement was filed before that deadline, and on August 23, 2009, the court entered judgment.

Consistent with his representations to this court at the June 4, 2008, status hearing, petitioner's counsel filed a supplemental postconviction petition in the state court in July 2008. The trial court dismissed the petition in May 2009, and in April 2012, the state appellate court reversed the decision in part and remanded the case for an evidentiary hearing. The evidentiary hearing took place on August 6, 2013, and the state court was set to rule on September 10, 2013.[2]

On May 16, 2013, petitioner filed the instant petition for writ of habeas corpus.

---

[2]As of this date, the court has not received additional information related to the trial court's ruling.

## DISCUSSION

### I. Respondent's Motion to Dismiss

Respondent argues that petitioner's habeas petition should be dismissed because petitioner has not exhausted his state court remedies and, contrary to petitioner's assertion, there is currently no inordinate delay in the state court proceedings.

Section 2254 states that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that– (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254 (b)(1). Delay in the state court proceedings can render the process ineffective and excuse a lack of exhaustion. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981). "Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in [a] collateral proceeding." Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963).

When a petitioner files a habeas corpus petition alleging delay in the state court process, the federal district court must first determine whether the alleged delay is "inordinate." Lowe, 663 F.2d at 43. If "state court delay is inordinate, the district court must hold a hearing to determine whether the delay is justifiable. If it is not justifiable, the court must hear the habeas petition on its merits." Id. (citing Dozie v. Cady, 430 F.2d 637, 638 (1970)).

In the instant case, while the court had serious concerns in 2007 about the six-year delay in amending petitioner's postconviction petition, a similar delay is not presently apparent. The amended petition was filed in July 2008, the State's motion to dismiss was filed in February 2009, and the state court dismissed the petition in May 2009. Such a time period is reasonable for the review of a habeas petition. After the state court dismissal, petitioner appealed, and his counsel filed his opening brief with the appellate court in October 2011. That court issued its ruling in April 2012, reversing the lower court in part and remanding for an evidentiary hearing. Since that remand, petitioner's counsel has argued two pre-hearing motions before the trial court and evidentiary hearing was set for August 6, 2013. Petitioner notes that the court was set to rule on September 10, 2013. Proceedings in the state court, therefore, are currently moving at a reasonable rate and there is no inordinate delay that must be remedied by initiating a merits-based review of petitioner's postconviction claims in federal court. If the court were to engage in an evaluation of the merits of petitioner's habeas petition, it would likely duplicate the efforts of the state courts, which are currently addressing the same postconviction claims. Because the state process is actively evaluating petitioner's postconviction claims, the court finds that there is no inordinate delay and no cause to excuse the exhaustion requirements of § 2254.

## **CONCLUSION**

Because there is no continued inordinate delay in petitioner's state postconviction proceedings, the court denies petitioner's habeas petition as unexhausted, without prejudice to petitioner refiling at the conclusion of state postconviction proceedings.

**ENTER:** November 7, 2013

*Robert W. Gettleman*

_____
**Robert W. Gettleman**
**United States District Judge**